UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAREALE J. TURNER,

Petitioner,

v.

INTERNAL REVENUE SERVICE,

Respondent.

Case No. 19-cv-00554-SI

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 1, 7, 10, 11

Demareale J. Turner has filed a petition for writ of habeas corpus to assert claims pertaining to income taxes. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His application to proceed *in forma pauperis* and his request for appointment of counsel also are before the court for review.

**BACKGROUND**

Demareale J. Turner ("Turner") was convicted of first degree murder and, in 1997, was sentenced to 29 years to life in prison.

Turner alleges that he got married in 2017 and now depends on his wife, Rejeana Turner ("Rejeana"), for his income.

Turner alleges that Rejeana filed a 2017 tax return individually, rather than jointly, and claimed him as a dependent. Docket No. 1 at 3. After Rejeana filed her 2017 tax return, she allegedly received a notice of seizure from the IRS stating that sums were being seized from her tax refund to pay taxes owed by Turner. The allegations are somewhat unclear but indicate that the IRS retained thousands of dollars that otherwise would have been paid to Rejeana as a tax refund. *See*

Docket No. 1 at 2-3. Turner further alleges that the IRS seized thousands of dollars from Rejeana's tax refund after someone had filed a false federal tax return in Turner's name in 2013. *Id.* at 3. Turner states that he filed an identity theft affidavit but "has not heard from the IRS not once by U.S. mail to this date." *Id.*

Notwithstanding Turner's allegations that the IRS has not communicated by mail with him about his identity theft claim, letters attached to the petition show that the IRS has communicated with the Turners about the identity theft claim. There is an October 4, 2018 letter from the IRS to Turner that begins with the text: "We received your identity theft claim. . . ." Docket No. 1 at 31. There also is an October 31, 2018 letter from the IRS to Turner and his wife that states: "We reviewed your identity theft claim (Identity Theft Affidavit or police report) and found no indication that identity theft affected the tax periods above," i.e., 2009 and 2011 tax years. Docket No. 1 at 34. The October 31, 2018, letter also has information about further steps the taxpayer can take, such as contacting the IRS again, obtaining forms, and contacting the taxpayer advocate service at the IRS or organizations independent from the IRS. *Id.* at 34-35.

The prayer for relief asks that the court issue a writ of habeas corpus, order the IRS to return Rejeana's tax refund, and appoint counsel. Docket No. 1 at 6.

**DISCUSSION**

A.  Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Turner's petition does not challenge his custody. He asserts various theories as to how the IRS has wronged him or them, e.g., the IRS has violated his/their right to due process by not telling him what to do to comply with tax law, by not contacting him directly, by not investigating his identity theft claim, and by letting them overpay taxes. Docket No. 1 at 3-5. He also alleges that IRS violated his rights under the innocent spouse relief rule, although he does not allege any facts suggesting that this rule applies to his facts. *Id.* at 5. Although various theories are asserted, they all are asserted in support a single goal: getting the IRS to pay a tax refund to his wife. His claims have nothing to do with the fact of his custody.

In *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28; *see, e.g., Borstad v. Hartley*, 668 F. App'x 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. *Nettles*, 830 F.3d at 935–37.").

Assuming arguendo that Turner has any enforceable legal right regarding the IRS's retention of his wife's tax refund, success on a claim to enforce that right will not necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus under *Nettles*. If he prevails on his claim that his wife is entitled to a tax refund, it does not necessarily follow that Turner will be released from prison on a date sooner than otherwise would occur. Under *Nettles*, Turner's only potential recourse in federal court is to file a civil complaint because his claim falls outside the core of habeas corpus. Although *Nettles* states that the alternative to a habeas action is a civil rights complaint under 42 U.S.C. § 1983, that statute is not applicable to the present situation because the defendants would be federal rather than state actors, and a tax refund action proceeds differently from a civil rights action. It appears more likely that the appropriate vehicle would be an action under 26 U.S.C. § 7422 to obtain a tax refund.

3

Turner is cautioned that, if he files a regular civil action, he will become obligated for a filing fee of $400.00, with $50.00 of that fee waived if he is granted leave to proceed *in forma pauperis*. Instead of filing a civil action, Turner may wish to take the steps mentioned in the IRS's October 31, 2018 letter to him and his wife. It is important to note that this court has not determined that a claim would succeed if brought as a civil action. The court only decides today that a habeas petition is the wrong vehicle for Turner to seek a tax refund for his wife.

B. Request for Appointment of Counsel

Turner has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action that is being dismissed today. The request for appointment of counsel is DENIED. Docket Nos. 10, 11.

C. No Certificate of Appealability

A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. The dismissal is without prejudice to petitioner filing a new civil action asserting his challenges to the IRS's actions.

Petitioner's *in forma pauperis* application is GRANTED. Docket No. 7. Petitioner's request for appointment of counsel is DENIED. Docket Nos. 10, 11.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 12, 2019

SUSAN ILLSTON
United States District Judge